Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| MARA A. GUTIÉRREZ DONES<br><br>Parte Recurrente<br><br>v.<br><br>JUNTA ADJUDICATIVA DEL DEPARTAMENTO DE LA FAMILIA<br><br>Parte Recurrida | TA2026RA00038 | *Revisión Administrativa* procedente de la Junta Adjudicativa del Departamento de la Familia<br><br>Caso Núm. 2026 PPSF 00019<br><br>Sobre: Revisión Administrativa |
|---|---|---|

Panel integrado por su presidenta la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

## SENTENCIA

En San Juan, Puerto Rico, a 11 de marzo de 2026.

Comparece la señora Mara A. Gutiérrez Dones (señora Gutiérrez), por derecho propio e *in forma pauperis*, mediante recurso de revisión judicial.[1] Solicita la revocación de la *Resolución* emitida y notificada el 16 de diciembre de 2025, por la Junta Adjudicativa del Departamento de la Familia (JADF).[2] En lo específico, nos solicita que revoquemos la determinación de la JADF y ordenemos la entrega inmediata de la menor S.I.R.G. al hogar materno.

Luego de evaluar el escrito de la recurrente y el apéndice del recurso, y por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción por el incumplimiento con las disposiciones que regulan el perfeccionamiento de los recursos de revisión de dictámenes administrativos.

## I.

En el recurso ante nosotros, indica la señora Gutiérrez que el 29 de julio de 2025, presentó electrónicamente una *Apelación* ante

---

[1] *Revisión de Decisión Administrativa*, SUMAC-TA en el recurso TA2026RA00038, entrada 1. El recurso fue recibido electrónicamente por la Secretaría de este Tribunal el 9 de febrero de 2026.
[2] Es menester precisar que, la *Resolución* mencionada no se encuentra en el apéndice del recurso de revisión judicial.

la JADF[3]. En su solicitud pretendía impugnar el informe y/o los fundamentos de dos referidos de la Trabajadora Social Heidy Báez Pérez[4]. También menciona que el presente caso se relaciona al caso KCU2016-00298 que se ventiló ante el Tribunal de Primera Instancia, Sala Superior de San Juan, y al caso *Mara Gutiérrez Dones v. Alberto Rivera López,* TA2025AP00147.[5]

Mientras trascurrían los trámites administrativos ante la JADF, el 22 de agosto de 2025, el Tribunal de Primera Instancia le concedió la custodia provisional de la menor S.I.R.G a su padre el Sr. Alberto Rivera López (señor Rivera).

Así las cosas, el 29 de septiembre de 2025, la JADF celebró la vista para atender la *Apelación* de la señora Gutiérrez. Ella indica que el 16 de diciembre de 2025, le enviaron la *Resolución* del caso vía correo electrónico.[6]

En aparente inconformidad con la *Resolución* del 16 de diciembre de 2025, la señora Gutiérrez presentó este recurso de *Revisión de Decisión Administrativa* el 8 de enero de 2026, junto con una *Solicitud para Declaración de Indigencia.*[7] En su recurso, entrelaza eventos de varios procedimientos llevados a cabo ante el Departamento de la Familia, el Tribunal de Primera Instancia y la Comisión de Investigación, Procesamiento y Apelación (CIPA). No obstante, concluye que la JADF le violentó el debido proceso de ley. Entre los argumentos en apoyo a su conclusión mencionó: que la menor no tuvo la oportunidad de dar su testimonio; que la Junta no fue imparcial de acuerdo con la prueba presentada en el caso; la falta de credibilidad de los testimonios y que el informe presentado

---

[3] *Revisión de Decisión Administrativa*, SUMAC-TA en el recurso TA2026RA00038, entrada 1, apéndice 1, págs. 10-11.

[4] La señora Gutiérrez los identifica con los números 10554076 y 10576890. Estos referidos no fueron incluidos en el apéndice del recurso.

[5] El caso fue presentado ante el Tribunal de Apelaciones el 14 de julio de 2025 como una apelación, pero fue atendido como un *certiorari* y desestimado por falta de jurisdicción el 2 de octubre de 2025.

[6] La aludida *Resolución* no fue incluida en el recurso ante nosotros. Igualmente desconocemos en qué fecha fue dictada.

[7] *Íd.,* entradas 1 y 2.

durante la vista por la Trabajadora Social tenía más páginas que el enviado al TPI. Por último, en la súplica de su escrito, indicó que la determinación de la JADF tenía que ser revocada, ya que ha sido discriminada como víctima de violencia vicaria y acecho, persecución religiosa y política. Por tanto, revocada la JADF, la menor debía regresar inmediatamente al hogar materno. Sobre este punto, nos llama la atención que la señora Gutiérrez nunca mencionó en el presente recurso, el estado procesal o sustantivo de la determinación del Tribunal de Primera Instancia del pasado 22 de agosto de 2025, y como tal decisión incidía en lo aquí solicitado. Ese dictamen judicial fue el que le concedió la custodia provisional de S.I.R.G. a su padre, el señor Rivera.

En oposición a la revisión, el Procurador General compareció mediante un *Escrito en Cumplimiento de Orden* el 9 de febrero de 2026.[8] En síntesis nos solicitó que desestimemos el recurso por falta de jurisdicción, por este no haber sido perfeccionado conforme a derecho.

**II.**

**A.**

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. Por esa razón, lo primero que se debe considerar en toda situación jurídica presentada ante un foro adjudicativo, es el aspecto jurisdiccional.[9] Cónsono con ello, los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. Esto debido a que el foro judicial está obligado a auscultar el cumplimiento de los requisitos jurisdiccionales que la ley establece, antes de considerar los méritos de una controversia.[10]

---

[8] *Escrito en Cumplimiento de Orden, Íd.,* entrada 4.
[9] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 499-500 (2019).
[10] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018).

Así, el Tribunal Supremo ha reafirmado que los entes adjudicativos tienen que ser guardianes celosos de su jurisdicción y no poseen discreción para asumirla si no existe. Consecuentemente, cuando un tribunal carece de jurisdicción, está obligado a desestimar el recurso.[11] Por esa razón, la Regla 83 del Reglamento del Tribunal de Apelaciones, nos autoriza a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.[12]

**B.**

Por otro lado, el Tribunal Supremo ha manifestado que las partes tienen la responsabilidad de observar rigurosamente las normas sobre el perfeccionamiento de los recursos apelativos y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados.[13] Ello, ante la necesidad de colocar a los tribunales apelativos "en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tiene ante sí".[14] Por ello, ha puntualizado que el hecho de que las partes litigantes comparezcan por derecho propio, por sí solo, no justifica que ellas incumplan con las reglas procesales. Esto cobra mayor importancia en el caso de aquellas normas que establecen términos jurisdiccionales o de cumplimiento estricto.[15]

De hecho, el Tribunal Supremo ha expresado que, de no observarse las disposiciones reglamentarias, nuestro ordenamiento autoriza la desestimación del recurso.[16] Sin embargo, ante la severidad de esta sanción, el Tribunal Supremo exige que nos aseguremos de que el incumplimiento con las disposiciones reglamentarias aplicables haya provocado un impedimento real y

---

[11] *Torres Alvarado v. Madera Atiles,* supra, pág. 501; *Ruiz Camilo v. Trafon Group, Inc.*, supra, pág. 269; *Rivera Marcucci v. Suiza Dairy Inc.*, 196 DPR 157, 165 (2016).

[12] Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

[13] *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 590 (2019); *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013).

[14] *Soto Pino v. Uno Radio Group,* supra.

[15] *Febles v. Romar,* 159 DPR 714, 722 (2003).

[16] *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2008).

meritorio para que podamos considerar el caso en los méritos.[17] Así pues, las disposiciones reglamentarias deben interpretarse de forma que propicien un sistema de justicia accesible a la ciudadanía, que las controversias se atiendan en los méritos y que se reduzca el número de recursos desestimados por defectos de forma o notificación y que no afecten los derechos de las partes.[18]

En lo relativo a los recursos de revisión de decisiones administrativas, la Regla 59 del Reglamento de este Tribunal de Apelaciones, enumera los requisitos que deben cumplir estos recursos. Entre estos, se exige la inclusión de una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso; un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió la agencia recurrida; la discusión de los señalamientos de error, incluyendo las disposiciones de ley y la jurisprudencia aplicable; un apéndice, entre otros requisitos.[19] Por su parte la Regla 76 del Reglamento del Tribunal de Apelaciones, establece los requisitos cuando una parte desea impugnar la apreciación de la prueba por el foro recurrido.

**III.**

De umbral, del recurso que nos ocupa no se desprende el contenido de la determinación del Departamento de la Familia, que motivó la apelación ante la JADF. La señora Gutiérrez tampoco acompañó el documento principal del cual solicitaba su revisión, la *Resolución* del 16 de diciembre de 2025. Lo anterior, incumpliendo con la Regla 59 del Reglamento del Tribunal de Apelaciones. Tampoco apuntó señalamientos de errores específicos. En ausencia de ellos, no tenemos ante nosotros las correspondientes discusiones, ni los fundamentos adecuados. La normativa reseñada

---

[17] *Román et als. v. Román et als.*, 158 DPR 163, 167 (2002).
[18] *Isleta v. Inversiones Isleta Marina.*, supra, pág. 590.
[19] Regla 59 del Reglamento del Tribunal de Apelaciones, *supra.*

-Regla 59- ordena de forma clara y precisa que el recurso señale, discuta y fundamente el error o los errores imputados a la agencia recurrida. No es suficiente alegar violaciones al debido proceso de ley de forma general y abstracta.

Por otro lado, si la señora Gutiérrez deseaba impugnar la apreciación de la prueba recibida por el foro recurrido, debió así indicarlo o haberla reproducido conforme a la regla. Al no hacerlo también incumplió con la Regla 76 del Reglamento del Tribunal de Apelaciones.

En resumen, la señora Gutiérrez intentó impugnar el contenido de la *Resolución* de la JADF del 16 de diciembre de 2025, sin incluirla, por lo que desconocemos su contenido. En su recurso, se limitó a relatar eventos -algo confusos- ocurridos a partir de julio de 2025, sin explicar su relevancia con la *Resolución* sobre la cual solicita revisión. Con similares relatos de eventos y prueba documental intentó atacar el informe del Oficial Examinador y de la Trabajadora Social. Dichos informes tampoco fueron incluidos en el presente recurso. Por último, la señora Gutiérrez tampoco cumplió con la Regla 76 del Reglamento del Tribunal de Apelaciones para poder impugnar la apreciación de la prueba testifical que recibió la JADF. En resumen, la señora Gutiérrez no solo incumplió con nuestro reglamento, sino que tampoco presentó una discusión fundamentada sobre el derecho y/o la jurisprudencia aplicable a su razonamiento para que de alguna forma nos ayudara a justipreciar los méritos de sus planteamientos.

Lamentablemente tales omisiones nos impiden estar en posición para atender su reclamo y ejercer nuestra función revisora.

Reiteramos que la obligación de perfeccionar un recurso, según lo exige la ley y el Reglamento de este Tribunal de Apelaciones, *supra*, le corresponde a la parte que recurre, en este caso a la señora Gutiérrez. El hecho de que esta comparezca por derecho propio, por

sí solo, no justifica que incumpla con las reglas procesales. La falta de perfeccionamiento del recurso conforme lo exige nuestro Reglamento constituye un impedimento real para la consideración del recurso en sus méritos, lo que nos obliga a concluir que carecemos de jurisdicción para atenderlo. En consecuencia, procede *desestimarlo*.

## IV.

A la luz de lo antes expuesto, se *desestima* el recurso por falta de jurisdicción ante la ausencia de perfeccionamiento conforme con lo exigido por nuestro Reglamento.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones